

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-8-2008

# Candido v. Hogsten

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1608

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Candido v. Hogsten" (2008). *2008 Decisions*. Paper 694.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/694

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1608
_____

CORDERO CANDIDO,
                                                    Appellant

v.

KAREN F. HOGSTEN; K. CLOUSER;
Lt. J. HEPNER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 06-cv-00490 )
District Judge:  Honorable James M. Munley

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 7, 2008
Before: SLOVITER, BARRY and NYGAARD, Circuit Judges

(Opinion filed: August 8, 2008)
_____

OPINION
_____

PER CURIAM

       Appellant, Cordero Candido, proceeding pro se, appeals from the District Court's

order granting Appellees' motion for summary judgment.  For the reasons that follow, we

will affirm.

Candido filed a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) in the United Stated District Court for the Middle District of Pennsylvania. Appellees filed a motion for summary judgment, asserting that Candido failed to exhaust his administrative remedies. <u>See</u> 42 U.S.C. § 1997e(a). Candido filed several documents in opposition to Appellees' motion for summary judgment. After reviewing the documents that were submitted by Appellees and Candido, the Magistrate Judge recommended granting Appellees' motion for summary judgment. The District Court adopted the report and recommendation as the court's opinion and entered an order granting Appellees' motion for summary judgment. Candido appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. <u>Kreimer v. Bureau of Police for Town of Morristown</u>, 958 F.2d 1242, 1250 (3d Cir. 1992). Summary judgment may only be granted where "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences must be construed in the light most favorable to the non-moving party. <u>Boyle v. County of Allegheny Pa.</u>, 139 F.3d 386, 393 (3d Cir. 1998). The movant bears the burden of showing the absence of a genuine issue of material fact, but the non-moving party must produce more than a scintilla of evidence in his favor; he cannot simply rely on the unsupported allegations in his pleadings. <u>Celotex</u>

Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).

An inmate is required to exhaust his administrative remedies prior to filing a civil rights action in federal court. 42 U.S.C. § 1997e(a). Exhaustion is mandatory; an inmate's unexhausted claim cannot be raised in a Bivens action. See Jones v. Bock, 127 S. Ct. 910, 918-19 (2007).

Candido admits that he failed to exhaust his administrative remedies, but avers that prison officials prevented him from doing so. We have held that when prison officials thwart an inmate's attempt from utilizing his administrative remedies, those remedies are "unavailable" to the inmate for purposes of exhaustion. Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002). Candido, however, fails to substantiate his averment. See Celotex Corp., 477 U.S. at 325. He gives no details regarding the alleged interference or the manner in which prison officials prevented him from utilizing the administrative process. Furthermore, Appellees have submitted numerous documents demonstrating that Candido had access to the administrative process. Since his arrival at FCI Allenwood, Candido has filed forty-four administrative remedy requests, seven of which he has fully exhausted.[1] Moreover, Candido filed three grievances regarding the claims in his complaint. He failed to appeal the denial of his first grievance; he failed to follow the proper procedure for appealing his second grievance; and his third grievance was still an open matter when he filed his complaint. Based on the foregoing, we agree with the

---

[1] None of Candido's exhausted grievances are related to the current appeal.

District Court's conclusion that there is no evidence in the record demonstrating that Appellees prevented Candido from pursuing his administrative remedies.

For the foregoing reasons, we will affirm the judgment of the District Court.